**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-I Acquisitions, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SHRIDHAR V. BHAT | ) | Case No. 19-31691-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |

## REQUEST FOR EXAMINATION AND
## <u>PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004</u>

RREF II BB 2014-1 Acquisitions, LLC (the "<u>Creditor</u>"), requests the entry of an Order, substantially in the form of **Exhibit A** attached hereto, pursuant to Rule 2004 of the Federal Rules of Bankruptcy, compelling the production of certain documents in the possession of Shridhar Bhat (the "<u>Debtor</u>"), Linda Lacova-Bhat ("<u>Mrs. Bhat</u>"), Robert Bhat ("<u>R. Bhat</u>"), Capital One, N.A., JPMorgan Chase & Co., PNC Bank, National Association, SunTrust Banks, Inc., Branch Banking and Trust Company, Wells Fargo Clearing Services, LLC, Wells Fargo Bank, N.A., Asbury Automotive North Carolina L.LC., TransAmerica Life Insurance and its related affiliates, Harris, Hardy & Johnstone, P.C., Senior's First Choice, Inc., Richmond Behavioral Health Authority and Correctional Medical Care, Inc. (collectively, the "<u>Examinees</u>"), as more specifically set forth on **Schedule 1** attached hereto and authorizing the examination of the Debtor, Mrs. Bhat and R. Bhat (the "<u>Motion</u>") and in support thereof, states as follows:

## BACKGROUND

### The $2 Million Note

1.　　Lacova-Bhat, L.C. ("<u>Lacova</u>"), Tanglewood Home for Adults, Inc. ("<u>Tanglewood Inc.</u>"), Tanglewood Home for Adults, L.C. ("<u>Tanglewood L.C.</u>"), Alleghany Manor LLC a/k/a Alleghany Manor LC ("<u>Alleghany Manor</u>" and together with Lacova, Tanglewood Inc. and Tanglewood L.C., the "<u>Borrowers</u>") are indebted to the Creditor pursuant to a Promissory Note dated August 27, 2008 in the original principal amount of $2,180,000.00 (as amended, modified and/or restated, the "<u>$2 Million Note</u>").

2.　　 The $2 Million Note is subject to the terms of that certain Loan Agreement dated August 27, 2008 (the "<u>Loan Agreement</u>").

3.　　The $2 Million Note is secured by, among other things: (i) certain real property located in Alleghany County, Virginia (the "<u>Property</u>") pursuant to and as further described in that certain Deed of Trust dated August 27, 2008 (the "<u>$2 Million Deed of Trust</u>") and recorded in the Clerk's Office for Alleghany County (the "<u>Clerk's Office</u>") on August 28, 2008 as Instrument Number 080002186; and (ii) all leases and rents arising in connection with the Property pursuant to an Assignment of Leases and Rents dated August 27, 2008 and recorded in the Clerk's Office on August 28, 2008 as Instrument Number 080002188 (the "<u>Assignment of Rents</u>").

4.　　The Debtor personally and unconditionally guaranteed the obligations of Lacova due under the $2 Million Note pursuant to a Guaranty Agreement dated August 27, 2008 (the "<u>Bhat Guaranty</u>").

**5.**　　The Irrevocable Trust FBO Robert L. Bhat Under Trust Agreement Dated January 20, 1997 ("<u>Robert Bhat Trust</u>"), the Irrevocable Trust FBO Nancy Bhat Under Trust Agreement

Dated October 17, 2013 ("Dated Nancy Bhat Trust"), and the Irrevocable Trust FBO Nancy Bhat

("Undated Nancy Bhat Trust" and together with the Debtor, the Robert Bhat Trust and the Dated

Nancy Bhat Trust, the "Guarantors")  personally and unconditionally guaranteed the obligations

of Lacova and Tanglewood L.C. due under the $2 Million Note pursuant to various Guaranty

Agreement(s) dated October 15, 2013 (collectively, the "Trust Guaranties" and together with the

Bhat Guaranty, the "Guaranties").

### The $250k Note

6.      The Borrowers are also indebted to the creditor pursuant to a Promissory Note

dated August 27, 2008 in the original principal amount of $250,000.00 (as amended, modified

and/or restated, the "$250k Note").

7.      The $250k Note is also subject to the terms of the Loan Agreement.

8.      The $250k Note is secured by, among other things, the Property pursuant to and

as further described in that certain Deed of Trust dated August 27, 2008 (as amended, modified

and/or restated, the "$250k Deed of Trust") and recorded in the Clerk's Office on August 28,

2008 as Instrument Number 080002187.

9.      The Debtor personally and unconditionally guaranteed the obligations of Lacova

under the $250k Note pursuant to the Bhat Guaranty.

10.     The Robert Bhat Trust, the Dated Nancy Bhat Trust and the Undated Nancy Bhat

Trust personally and unconditionally guaranteed the obligations of Lacova and Tanglewood L.C.

due under the $250k Note pursuant to the Trust Guaranties.

4818-0004-4948.3

## The $50k Note

11.     The Debtor is also indebted to the Creditor pursuant to a Promissory Note dated March 22, 2010 in the original principal amount of $50,000.00 (as amended, modified and/or restated, the "$50k Note" and together with the $2 Million Note and $250k Note, the "Notes").

12.     The $50k Note is subject to the terms of that certain BB&T ChoiceLine Agreement dated March 27, 2012 (as amended, modified and/or restated, the "ChoiceLine Agreement").

13.     The $50k Note is secured by, among other things, the Property pursuant to and as further described in that certain Credit Line Deed of Trust (as amended, modified and/or restated) and recorded in the Clerk's Office on December 10, 2012 as Instrument Number 120002379.

## Default, Judgment and Collection

14.     Tanglewood defaulted under the terms of the Notes and on October 30, 2014, the Creditor filed a Complaint against the Borrowers and the Guarantors (collectively, the "Obligors") in the Circuit Court for the City of Richmond [Case No. CL14004783-00] seeking judgment in connection with the obligations due and owing under the Note (the "Suit"). Subsequent thereto and after the Obligors were sanctioned for failing to comply with varioud discovery requests, the Creditor and the Obligors executed a Settlement Agreement dated January 19, 2016 (the "Settlement Agreement").

15.     Under the Settlement Agreement, the Obligors were required to make certain payments to the Creditor and the Obligors granted the Noteholder a consent order granting judgment to be submitted in the event they failed to satisfy their obligations under the Settlement Agreement.  The Obligors defaulted on their obligations under the Settlement Agreement and on

4818-0004-4948.3

April 3, 2017, the Circuit Court for the City of Richmond entered the *Consent Order Granting Judgment* (the "Judgment").

16.     Since obtaining Judgment, the Creditor has been working diligently to try and collect on the Judgment and to understand the Debtor's assets and liabilities, including seeking the appointment of a receiver with respect to the Property.[1]   During this time, the creditor has uncovered a substantial amount of information which is highly disconcerting.  Such information necessitates the need for the information sought this Motion.

### Deposition and Production of Documents from R. Bhat

17.     One item of interest is the Debtor's involvement with King Pin Investors, LLC ("KP Investors") and King Pin Properties, LLC ("KP Properties" and together with KP Investors, "King Pin") which entity owns and operated a bowling alley at 200 N. Otterdale Road, Midlothian, VA 23113 (collectively, "King Pin").   In order to better under the relationship between King Pin and the Debtor, the Creditor issued various subpoenas the Debtor, R. Bhat and other entities.   Counsel for the Debtor, who was also representing R. Bhat, the Debtor's son, initially opposed these efforts and filed a motion to quash ("Motion to Quash") in state court.

18.     The Motion to Quash revolved around whether or not certain entities were owned by the Debtor or whether he had a financial interest in such entities.  Specifically, the Motion to Quash advised that the moving parties, including R. Bhat, King Pin, the Shridhar V. Bhat Office of Physicians (the "Doctor's Office") and the Central Virginia Health Network, L.C., were unrelated to the Debtor and the collection efforts being pursued by the Creditor.

---

[1] It is worth noting that since the appointment of a temporary receiver with respect to the Property, the Debtor allegedly retained a broker whom he advised to sell the Property as quickly as possible.  Such instructions were given notwithstanding that any sale would be subject to approval of the Creditor absent satisfaction of the Judgment and that the Debtor's authority to sell the Property was revoked upon entry of an order appointing a receiver.

4818-0004-4948.3

19.     During a follow up discussion with counsel, the Creditor was again advised that the movants, including, specifically King Pin, had no relation whatsoever to the Debtor.

20.     Such statement was misleading at best.  Based on prior tax returns filed by the Debtor, it was apparent that the Debtor had maintained an ownership interest in some or all of King Pin.  Now, based on the Debtor's Schedules and Statement of Financial Affairs [Docket No. 13], it appears as though the Debtor acknowledges he has an ownership interest in KP Properties and that had he previously had an ownership interest in KP Investors and that he transferred such ownership interest to R. Bhat shortly after the Suit was initiated against him.

21.     The Debtor maintains that he has no interest in KP Investors at this time, but R. Bhat, who resides in Florida is alleged to be running and managing an entity which operates in Richmond.  Such assertions seem improbable.

22.     In addition, bank records also reflect $17,500 being transferred from the Doctor's Office, owned by the Debtor, to KP Investors, allegedly owned by R. Bhat.  Accordingly, the evidence seems to reflect that the Debtor is using R. Bhat and King Pin to hide assets from his creditors.

23.     Upon information and belief, R. Bhat has also received compensation from the Doctor's Office, which is or was previously owned by the Debtor.  Specifically, bank records reflect checks being issued from the Doctor's Office to R. Bhat.  Again, it is unclear what circumstances, other than fraud, would exist whereby the Debtor would be transferring assets to R. Bhat.

24.     It is also believed that R. Bhat is the beneficiary of the Robert Bhat Trust.  Such trust may have been established in the midst of litigation with the Creditor and/or the Debtor maybe using the Robert Bhat Trust to hide assets from his creditors.

25.    At this point, it is clear R. Bhat is integrally involved in this case and is likely the recipient of fraudulent transfers to the detriment of the Debtor's creditors.

## Deposition and Production of Documents from Mrs. Bhat

26.    The Debtor has shown a proclivity to use family members to hide assets from his creditors and the Creditor believes that such proclivity likely extends to his wife.  Specifically, upon information and belief, Mrs. Bhat opened a new bank account with Union Bank & Trust just prior to the filing of these bankruptcy proceedings.  The Creditor has also identified transfers to or from this account to other accounts in which the Debtor has an interest.  It is highly likely that such actions are related to the filing of these proceedings and to the Debtors efforts to hide assets.  In addition, she is likely to have information regarding the various entities in which the Debtor has asserted or failed to assert an interest.

## Production of Documents From Financial Institutions

27.    Capital One, N.A., JPMorgan Chase & Co., PNC Bank, National Association, SunTrust Banks, Inc., Branch Banking and Trust Company, Wells Fargo Clearing Services, LLC, Wells Fargo Bank, N.A. (collectively, the "Banks") are all identified as financial institutions which have serviced either the Debtor or related entities.  In some instances, the Banks have provided line of credits for which payment information may disclose additional assets and/or provide a more comprehensive picture of the Debtor's liabilities.  Review of the records of the Banks, as an independent party, is necessary to properly examine the veracity of the Debtor's disclosures.

28.    In other instances, some of the Banks hold depository accounts of the Debtor or related entities or manage retirement funds for the Debtor or related entities.  Accordingly, reviewing the records of such Banks will provide direct insight into the Debtor's assets.

4818-0004-4948.3

### Asbury Automotive

29.      Asbury Automotive North Carolina L.LC. operates as Richmond BMW.  Upon information and belief the Debtor may own certain assets or be using personal assets in connection with a vehicle acquired from this Examinee.  In order to determine whether the Debtor has accurately disclosed his assets (including the potential sources of payment), the production of documents from this entity is necessary.

### TransAmerica Life Insurance and its related affiliates

30.      Upon information and belief, the Debtor has various policies with TransAmerica Life Insurance and its related affiliates despite the fact that no such policies are disclosed on the Debtor's Schedules.  Production of these documents directly from the source ensures the accuracy and complete disclosure of such information.  Given that such policies, to the extent they exist, would be assets of the Debtor's estate, the production of such documents is appropriate.

### Harris, Hardy & Johnstone, P.C.

31.      Harris, Hardy & Johnson, P.C. served as accountant for the Debtor and accordingly is likely best suited to verify the completeness and accuracy of the disclosures set forth in the Debtor's Schedules and Statement of Financial Affairs, including the value and ownership interest of the various entities, including King Pin.  Such documents would also allow the Creditor to independently verify other matters, like the Debtor's income, all of which relate directly to the Debtor's assets and liabilities.

### Senior's First Choice, Inc., Richmond Behavioral
### Health Authority and Correctional Medical Care, Inc.

32.      Based on other documentation previously received, the Creditor believes that the Debtor either receives or received income from various other sources and/or had some other

4818-0004-4948.3

relationship with Senior's First Choice, Inc., Richmond Behavioral Health Authority and Correctional Medical Care, Inc. Accordingly, the document request seeks the production of documents from these entities as they relate to the Debtor and whether additional undisclosed assets may exist.

33. The Creditor is not requesting an examination of any of the entities set forth herein, other than the Debtor, Mrs. Bhat and R. Bhat, at this time, but reserves all rights with respect thereto.

**WHEREFORE**, the Creditor requests the Court enter an Order compelling that within 15 days of the entry of such an order: (i) the Examinees produce the documents set forth on Schedule I attached hereto; and (ii) that upon request, the Debtor, R. Bhat and Nancy Bhat submit to an examination by the Creditor at a time and place to be agreed upon, but which examination shall occur no later than June 14, 2019.

**RREF II BB 2014-I ACQUISITIONS, LLC**

By:  /s/ Jeremy S. Williams
                                    Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, VA  23219-3500
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
  *Counsel to RREF II BB 2014-I Acquisitions, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that a true and correct copy of the foregoing was served to all counsel of record via the Court's ECF, certified mail and/or first-class mail, on April 19, 2019, as follows:

*Debtor (by First-Class Mail):*
Shridhar Bhat
6331 River Road
Henrico, VA 23229

*Counsel (by CM/ECF):*
David K. Spiro
Spiro & Browne
6802 Paragon Place, Ste. 410
Richmond, VA 23230

*U.S. Trustee (by CM/ECF):*
John P. Fitzgerald, III
Office of the U.S. Trustee
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

Asbury Automotive North Carolina L.L.C.
c/o Corporation Service Company,
Registered Agent
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219

Branch Banking and Trust Company (*by certified mail*)
c/o Christopher L. Henson, Officer
200 West Second Street
Winston-Salem, NC 27101-4019

Capital One, N.A. (*by certified mail*)
c/o Thomas A. Feil, Treasurer
1680 Capital One Drive
McLean, VA 22102

Correctional Medical Care, Inc.
c/o CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Harris, Hardy & Johnstone, P.C.
c/o John W. Anderson, Registered Agent
Spotts Fain PC
411 East Franklin St., Ste. 600
Richmond, VA 23219

JPMorgan Chase & Co (*by certified mail*)
c/o Molly Carpenter, Officer
1111 Polaris Parkway
Columbus, OH 43240

Linda Lacova-Bhat
6331 River Road
Henrico, VA 23229

PNC Bank, N.A. (*by certified mail*)
c/o Charles E. Bunch, Director
One PPG Place
Pittsburgh, PA 15272

Richmond Behavioral Health Authority
c/o John P. Lindstrom, Ph.D., LCP, CEO
107 South Fifth Street
Richmond, VA 23219

Robert Lacova-Bhat
3470 E. Coast Ave., Apt. 1704
Miami, FL 33137

Senior's First Choice, Inc.
c/o Michael P. Lafayette
10160 Staples Mill Road
Suite 105
Glen Allen, VA 23060

SunTrust Banks, Inc. (*by certified mail*)
c/o Allison Dukes, Officer
303 Peachtree St. NE
Atlanta, GA 30308

4818-0004-4948.3

Transamerica Life Insurance Company
c/o CT Corporation System, Registered
Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Wells Fargo Bank, N.A. (*by certified mail*)
c/o M. Keith Jackson, Officer
45 Fremont Street, 27th Floor
San Francisco, CA 94104

Wells Fargo Clearing Services, LLC
c/o Corporation Service Company,
Registered Agent
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219

By: /s/  Jeremy S. Williams
          Counsel

4818-0004-4948.3

**EXHIBIT A**

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-1 Acquisitions, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| SHRIDHAR V. BHAT | ) | Case No. 19-31691-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING REQUEST FOR EXAMINATION AND
## <u>PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004</u>

THIS MATTER comes before the Court upon the *Request for Examination and Production of Documents Pursuant to Rule 2004* (the "<u>Motion</u>") filed by RREF II BB 2014-1 Acquisitions, LLC (the "<u>Creditor</u>") seeking an order compelling the production of certain documents in the possession of Shridhar Bhat (the "<u>Debtor</u>"), Linda Lacova-Bhat ("<u>Mrs. Bhat</u>"), Robert Bhat ("<u>R. Bhat</u>"), Capital One, N.A., JPMorgan Chase & Co., PNC Bank, National Association, SunTrust Banks, Inc., Branch Banking and Trust Company, Wells Fargo Clearing Services, LLC, Wells Fargo Bank, N.A., Asbury Automotive North Carolina L.LC., TransAmerica Life Insurance and its related affiliates, Harris, Hardy & Johnstone, P.C., Senior's First Choice, Inc., Richmond Behavioral Health Authority and Correctional Medical Care, Inc. (collectively, the "<u>Examinees</u>") and requesting an examination of the Debtor, R. Bhat and Mrs. Bhat pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  It appearing that the Motion was properly served upon all entities, that no objection was timely filed to the Motion,

and that good cause exists as set forth in the Motion, **IT IS ORDERED, ADJUDGED AND DECREED THAT**

1.      The Motion is hereby granted.

2.      Within 15 days of the entry of this Order, the Examinees shall produce the documents set forth on **Schedule I** attached hereto.

3.      Upon request from the Creditor, the Debtor, Mrs. Bhat and R. Bhat shall submit to an examination by the Creditor at a time and place to be agreed upon, but which examination shall occur no later than June 14, 2019.

4.      All documentary evidence shall be produced at Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219.

5.      The Creditor, in its discretion, is authorized to issue *subpoena duces tecums* in furtherance of the relief provided for herein.

6.      The Clerk shall serve copies of this Order to those parties not receiving service via CM/ECF.


ENTERED:    _____          _____
                                     UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:


/s/ Jeremy S. Williams_____
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, VA  23219-3500
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
  *Counsel to RREF II BB 2014-I Acquisitions, LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that a true and correct copy of the foregoing was served to all counsel of record via the Court's ECF, certified mail and/or first-class mail, on April 19, 2019, as follows:

*<u>Debtor (by First-Class Mail):</u>*
Shridhar Bhat
6331 River Road
Henrico, VA 23229

*<u>Counsel (by CM/ECF):</u>*
David K. Spiro
Spiro & Browne
6802 Paragon Place, Ste. 410
Richmond, VA 23230

*<u>U.S. Trustee (by CM/ECF)</u>:*
John P. Fitzgerald, III
Office of the U.S. Trustee
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

By: /s/  Jeremy S. Williams
Counsel

**SCHEDULE I**

## SHRIDHAR BHAT

1.      Your federal and state tax returns for gift and income taxes prepared for 2015, 2016, 2017, and 2018, including any amendments, schedules and/or revisions made thereto.

2.      All of your financial statements you have prepared or had prepared, regardless of whether they have been presented to any person, for the last four (4) years.

3.      All documents evidencing your ownership of any interest in any corporation, partnership, limited liability company or trust for the last four (4) years.

4.      All evidence of your ownership of any stocks, shares, bonds, certificates of deposit, annuities and any other securities for the last four (4) years.

5.      All paychecks, pay stubs and other documents evidencing your current income and the sources thereof for the last four (4) years.

6.      All documents that discuss, refer or relate to the value of any of your assets within the last four (4) years.

7.      All documents that contain a listing of your assets within the last four (4) years.

8.      Your insurance documents showing any listing, whether itemized or not, of insured assets.

9.      All documents that discuss, refer or relate to any jewelry, furs, art objects, coin or stamp collections, household goods or household furnishings which you own or maintain an interest in.

10.      All documents that discuss, refer or relate to any annuities or life insurance policies you own or of which you are the beneficiary.

11.      Any documents that discuss, refer or relate to any retirement plans you own or maintain an interest in, including without limitation, any IRA, ERISA, Keogh, or other pension or profit sharing plans.

12.      All documents that reference any liabilities you owe to any person.

13.      All documents that contain a listing of your liabilities.

14.      All documents that discuss, refer or relate to any taxes of any kind owed by you to the Internal Revenue Service, the Commonwealth of Virginia, or any other taxing authorities.

15.      All documents that discuss, refer or relate to any alimony, maintenance or support payments you owe to any person.

16.      All documents consisting of credit card statements received by you within the last two (2) years.

4818-0004-4948.3

17.     Your automobile, boat and aircraft title certificates.

18.     Partnership agreements in which you are a partner.

19.     Operating Agreements of limited liability companies in which you are a member.

20.     Leases or assignments of leases in which you are a tenant or landlord.

21.     Employment contracts, commission agreements, royalty agreements, and patents under which any sum of money is or may be payable to you for the last four (4) years.

22.     Your general ledger, check register, bank deposit books or records, bank account statements and other related accounting information for every bank account in your name or in which you have an interest for the last four (4) years.

23.     Check stubs, canceled checks, check books, and other records of withdrawals, having reference to any of your bank deposits and bank accounts for the last four (4) years.

24.     Savings account books and records having reference to any of your savings accounts, savings and loan association accounts, postal savings accounts, credit unions, and other interest bearing deposits of money for the last four (4) years.

25.     All documents that discuss, refer or relate to any of your brokerage accounts, including, without limitation, any brokerage account statements for the last four (4) years.

26.     Your certificates of deposit and records of them for the last four (4) years.

27.     Deeds to real property in which you have an interest for the last four (4) years.

28.     Trust indentures, trust agreements, wills and other instruments evidencing or referring to any trust in which you have an interest for the last four (4) years.

29.     Notes, drafts, bills of exchange, mortgages, checks and bonds in which you have an interest for the last four (4) years.

30.     Patents, trademarks, copyrights, franchises and contracts in which you have an interest for the last four (4) years.

31.     Powers of attorney, stock powers and other instruments whereby you, either alone or jointly with others, authorized any person, firm or corporation to handle any business or financial affairs for you for the last four (4) years.

32.     Receipts and other evidences of payment of any note, mortgage, negotiable instrument, or other obligation in the amount of $250.00 or more for the last four (4) years.

33.     Schedules of payments, showing payments made, on any note, mortgage, negotiable instrument, or other evidence of debt, for the last four (4) years.

34.     Your safety deposit contracts for the last four (4) years.

18

35.     Any documents concerning accounts receivable which are payable to you for the last four (4) years.

36.     Papers, documents, and instruments evidencing your ownership, equity, or participation in any type of business enterprise for the last four (4) years.

37.     All documents relating to any divorce proceeding(s) to which you are, or have been, a party for the last four (4) years.

## <u>LINDA LACOVA-BHAT</u>

Any and all documents related to your account with Union Bank & Trust from the date of opening until present, including, but not limited, copies of statements, items, memoranda, evidence of wire transfers, debits, credits, transfers and cashier's checks, and as to any checks of any kind, copies of the front and back, and signature cards.

4818-0004-4948.3

## ROBERT LACOVA-BHAT

1.      Your federal and state tax returns for gift and income taxes prepared for 2015, 2016, 2017, and 2018, including any amendments, schedules and/or revisions made thereto.

2.      All of your financial statements you have prepared or had prepared, regardless of whether they have been presented to any person, for the last four (4) years.

3.      All documents evidencing your ownership of any interest in any corporation, partnership, limited liability company or trust for the last four (4) years.

4.      All evidence of your ownership of any stocks, shares, bonds, certificates of deposit, annuities and any other securities for the last four (4) years.

5.      All paychecks, pay stubs and other documents evidencing your current income and the sources thereof for the last four (4) years.

6.      All documents that discuss, refer or relate to the value of any of your assets within the last four (4) years.

7.      All documents that contain a listing of your assets within the last four (4) years.

8.      Your insurance documents showing any listing, whether itemized or not, of insured assets.

9.      All documents that discuss, refer or relate to any jewelry, furs, art objects, coin or stamp collections, household goods or household furnishings which you own or maintain an interest in.

10.      All documents that discuss, refer or relate to any annuities or life insurance policies you own or of which you are the beneficiary.

11.      Any documents that discuss, refer or relate to any retirement plans you own or maintain an interest in, including without limitation, any IRA, ERISA, Keogh, or other pension or profit sharing plans.

12.      All documents that reference any liabilities you owe to any person.

13.      All documents that contain a listing of your liabilities.

14.      All documents that discuss, refer or relate to any taxes of any kind owed by you to the Internal Revenue Service, the Commonwealth of Virginia, or any other taxing authorities.

15.      All documents that discuss, refer or relate to any alimony, maintenance or support payments you owe to any person.

16.      All documents consisting of credit card statements received by you within the last two (2) years.

17.     Your automobile, boat and aircraft title certificates.

18.     Partnership agreements in which you are a partner.

19.     Operating Agreements of limited liability companies in which you are a member.

20.     Leases or assignments of leases in which you are a tenant or landlord.

21.     Employment contracts, commission agreements, royalty agreements, and patents under which any sum of money is or may be payable to you for the last four (4) years.

22.     Your general ledger, check register, bank deposit books or records, bank account statements and other related accounting information for every bank account in your name or in which you have an interest for the last four (4) years.

23.     Check stubs, canceled checks, check books, and other records of withdrawals, having reference to any of your bank deposits and bank accounts for the last four (4) years.

24.     Savings account books and records having reference to any of your savings accounts, savings and loan association accounts, postal savings accounts, credit unions, and other interest bearing deposits of money for the last four (4) years.

25.     All documents that discuss, refer or relate to any of your brokerage accounts, including, without limitation, any brokerage account statements for the last four (4) years.

26.     Your certificates of deposit and records of them for the last four (4) years.

27.     Deeds to real property in which you have an interest for the last four (4) years.

28.     Trust indentures, trust agreements, wills and other instruments evidencing or referring to any trust in which you have an interest for the last four (4) years.

29.     Notes, drafts, bills of exchange, mortgages, checks and bonds in which you have an interest for the last four (4) years.

30.     Patents, trademarks, copyrights, franchises and contracts in which you have an interest for the last four (4) years.

31.     Powers of attorney, stock powers and other instruments whereby you, either alone or jointly with others, authorized any person, firm or corporation to handle any business or financial affairs for you for the last four (4) years.

32.     Receipts and other evidences of payment of any note, mortgage, negotiable instrument, or other obligation in the amount of $250.00 or more for the last four (4) years.

33.     Schedules of payments, showing payments made, on any note, mortgage, negotiable instrument, or other evidence of debt, for the last four (4) years.

34.     Your safety deposit contracts for the last four (4) years.

4818-0004-4948.3

35.     Any documents concerning accounts receivable which are payable to you for the last four (4) years.

36.     Papers, documents, and instruments evidencing your ownership, equity, or participation in any type of business enterprise for the last four (4) years.

37.     All documents relating to any divorce proceeding(s) to which you are, or have been, a party for the last four (4) years.

4818-0004-4948.3

### CAPITAL ONE, N.A.

1.      Loans by you under which any indebtedness has been owed on or after January 1, 2009, where any of the obligors included:

      a.      Judgment Debtor.[2]

      b.      Any and all entities for which Judgment Debtor was a principal, manager, or member including, but not limited to, those referenced in Exhibit A.

      c.      Any individual or entity or trust for which Judgment Debtor had signature authority including, but not limited to, those referenced in Exhibit A.

      d.      Any individual or entity or trust over which Judgment Debtor exercised control including, but not limited to, those referenced in Exhibit A.

      e.      Any and all trusts for which Judgment Debtor was a trustee, trustor, settlor, beneficiary including, but not limited to, those referenced in Exhibit A.

*The requested documents include, but are not limited to, loan applications, tax returns, financial statements and other papers reflecting the financial affairs of and assets owned by Judgment Debtor.*

2.      Deposit or brokerage accounts (including, but not limited to, copies of statements, items, memoranda, evidence of wire transfers, debits, credits, transfers and cashier's checks, and as to any checks of any kind, copies of the front and back, and signature cards) maintained at you from and after January 1, 2009, by:

      a.      Judgment Debtor.

      b.      Any and all entities or trusts for which Judgment Debtor was a principal, manager, or member including, but not limited to, those referenced in Exhibit A.

      c.      Any individual or entity or trust for which Judgment Debtor had signature authority including, but not limited to, those referenced in Exhibit A.

      d.      Any individual or entity or trust over which Judgment Debtor exercised control including, but not limited to, those referenced in Exhibit A.

3.      Communications (including, but not limited to, email correspondence, letters, facsimiles) maintained at you from and after January 1, 2009, by:

      a.      Judgment Debtor.

---

[2] Judgment Debtor refers to: (i) Lacova-Bhat, L.C., (ii) Tanglewood Home for Adults, Inc., (iii) Alleghany Manor, LLC, (iv) Shridhar Bhat, individually, (v) Shridhar Bhat, Trustee of Irrevocable Trust FBO Robert L. Bhat Under Trust Agreement Dated January 20, 1997, (vi) Shridhar Bhat, Trustee of Irrevocable Trust FBO Nancy Bhat Under Trust Agreement Dated October 17, 2013, (vii) Shridhar Bhat, Trustee of Irrevocable Trust FBO Nancy Bhat.

b.      Any and all entities or trusts for which Judgment Debtor was a principal, manager, or member including, but not limited to, those referenced in Exhibit A.

c.      Any individual or entity or trust for which Judgment Debtor had signature authority including, but not limited to, those referenced in Exhibit A.

d.      Any individual or entity or trust over which Judgment Debtor exercised control including, but not limited to, those referenced in Exhibit A.

Please produce in the first instance copies of statements for any accounts responsive to specification 2.  Judgment creditor will review the statements and request specific items and other documents thereafter.

4818-0004-4948.3

## JPMORGAN CHASE & CO.

Any and all copies of statements, items, memoranda, evidence of wire transfers, payments, credits, transfers and cashier's checks, and as to any check of any kind, copies of the front and back, and signatures from January 1, 2014 to the present for Account Nos. ending 2256 and 5112.

## <u>PNC BANK, NATIONAL ASSOCIATION</u>

All credit statements, memos, debit notices, checks, deposit slips and related materials regarding Account No. ending 1569, including copies, front and back, of any check of any kind.

4818-0004-4948.3

## <u>SUNTRUST BANKS, INC.</u>

(1) All credit statements, memos, debit notices, checks, deposit slips and related materials regarding any and all deposits made to Account No. ending 8043;

(2) Images of checks, both front and back, of any deposit or debit equal to or greater than $1,000 regarding Account No. ending 8043

4818-0004-4948.3

## <u>BRANCH BANKING AND TRUST COMPANY</u>

Any and all copies of statements, items, memoranda, evidence of wire transfers, payments, credits, transfers and cashier's checks, and as to any check of any kind, copies of the front and back, and signatures from January 1, 2014 to the present for Account No. ending 0862.

## WELLS FARGO CLEARING SERVICES, LLC

All credit statements, memos, debit notices, checks, deposit slips and related materials regarding all deposits into Account No. ending 2435.

## WELLS FARGO BANK, N.A.

All credit statements, memos, debit notices, checks, deposit slips and related materials regarding all transactions greater than $4,000 for Account No. ending 6253.

4818-0004-4948.3

## <u>ASBURY AUTOMOTIVE NORTH CAROLINA L.LC.</u>

All documents and/or statements relating to any financial instruments or accounts in the name of and/or for the benefit of Lacova-Bhat, L.C., Tanglewood Home for Adults, Inc., Alleghany Manor, LLC, King Pin Investors, LLC, King Pin Properties, LLC, Shridhar V. Bhat Office of Physicians, Central Virginia Health Network, LC, Center for Internal Medicine, Hypertension *&* Kidney Disease, Inc., Shridhar Bhat, Linda Lacova-Bhat, Robert Lacova-Bhat, either individually or jointly or otherwise, from January 1, 2014 to the present, including but not limited to the following documents:

(1)    All statements;

(2)    All financing documents, including but not limited to all loan request documents, commitment letters, credit reports, financial statements, and tax returns of all borrowers;

(3)    Copies of the front and back of all checks, including all records showing the financial institution where any such check was deposited;

(4)    Copies of all loan documents, including but not limited to all loan agreements, promissory notes, guaranties, notice of final agreement, disbursement authorizations, disbursement requests, and all other documents comprising any loan file;

(5)    All communications between you and Shridhar Bhat, Linda Lacova-Bhat, Robert Lacova-Bhat, either individually or jointly;

(6)    All contracts and/or agreements signed by Shridhar Bhat, Linda Lacova-Bhat, Robert Lacova-Bhat, either individually or jointly, including but not limited to new account forms and account opening documents;

(7)    All documents relating to the net worth of Shridhar Bhat, Linda Lacova-Bhat, Robert Lacova-Bhat, either individually or jointly.

4818-0004-4948.3

## <u>TRANSAMERICA LIFE INSURANCE</u>

Any and all documents regarding, related to or referencing the assignment of policy no. ending 4003 to First Community Bank.

## HARRIS, HARDY & JOHNSTONE, P.C.

All documents and/or statements relating to any financial instruments or accounts in the name of and/or for the benefit of Lacova-Bhat, L.C., Tanglewood Home for Adults, Inc., Alleghany Manor, LLC, King Pin Investors, LLC, King Pin Properties, LLC, Shridhar V. Bhat Office of Physicians, Central Virginia Health Network, LC, Center for Internal Medicine, Hypertension & Kidney Disease, Inc., Shridhar Bhat, Linda Lacova-Bhat, Robert Lacova-Bhat, either individually or jointly or otherwise, from January 1, 2014 to the present, including but not limited to the following documents:

1.      The Debtors federal and state tax returns for gift and income taxes prepared for the last four (4) years, including any amendments, schedules and/or revisions made thereto.

2.      All of the Debtors financial statements, regardless of whether they have been presented to any person, in the last four (4) years.

3.      All documents evidencing Debtors ownership of any interest in any corporation, partnership, limited liability company or trust.

4.      All evidence of Debtors ownership of any stocks, shares, bonds, certificates of deposit, annuities and any other securities.

5.      All paychecks, pay stubs and other documents evidencing Debtors current income and the sources thereof.

6.      All documents that discuss, refer or relate to the value of any of the Debtors assets.

7.      All documents that contain a listing of the Debtors assets.

8.      Debtors insurance documents showing any listing, whether itemized or not, of insured assets.

9.      All documents that discuss, refer or relate to any jewelry, furs, art objects, coin or stamp collections, household goods or household furnishings which Debtors own or maintain an interest in.

10.     All documents that discuss, refer or relate to any annuities or life insurance policies Debtors own or of which Debtors are the beneficiary.

11.     Any documents that discuss, refer or relate to any retirement plans Debtors own or maintain an interest in, including without limitation, any IRA, ERISA, Keogh, or other pension or profit sharing plans.

12.     All documents that reference any liabilities Debtors owe to any person.

13.     All documents that contain a listing of Debtors liabilities.

4818-0004-4948.3

14.     All documents that discuss, refer or relate to any taxes of any kind owed by the Debtors to the Internal Revenue Service, the Commonwealth of Virginia, or any other taxing authorities.

15.     All documents that discuss, refer or relate to any alimony, maintenance or support payments Debtors owe to any person.

16.     All documents consisting of credit card statements received by Debtors within the last two (2) years.

17.     Debtors automobile, boat and aircraft title certificates.

18.     Partnership agreements in which Debtors are a partner.

19.     Operating Agreements of limited liability companies in which Debtors are a member.

20.     Leases or assignments of leases in which Debtors are a tenant or landlord.

21.     Employment contracts, commission agreements, royalty agreements, and patents under which any sum of money is or may be payable to Debtors.

22.     Debtors general ledger, check register, bank deposit books or records, bank account statements and other related accounting information for every bank account in Debtors name or in which Debtors have an interest.

23.     Check stubs, canceled checks, check books, and other records of withdrawals, having reference to any of Debtors bank deposits and bank accounts.

24.     Savings account books and records having reference to any of Debtors savings accounts, savings and loan association accounts, postal savings accounts, credit unions, and other interest bearing deposits of money.

25.     All documents that discuss, refer or relate to any of Debtors brokerage accounts, including, without limitation, any brokerage account statements.

26.     Debtors certificates of deposit and records of them.

27.     Deeds to real property in which Debtors have an interest.

28.     Trust indentures, trust agreements, wills and other instruments evidencing or referring to any trust in which Debtors have an interest.

29.     Notes, drafts, bills of exchange, mortgages, checks and bonds in which Debtors have an interest.

30.     Patents, trademarks, copyrights, franchises and contracts in which Debtors have an interest.

4818-0004-4948.3

31.    Powers of attorney, stock powers and other instruments whereby Debtors, either alone or jointly with others, authorized any person, firm or corporation to handle any business or financial affairs for them.

32.    Receipts and other evidences of payment of any note, mortgage, negotiable instrument, or other obligation in the amount of $250.00 or more.

33.    Schedules of payments, showing payments made, on any note, mortgage, negotiable instrument, or other evidence of debt, in the last four (4) years.

34.    Debtors' safety deposit contracts.

35.    Any documents concerning accounts receivable which are payable to the Debtors.

36.    Papers, documents, and instruments evidencing Debtors ownership, equity, or participation in any type of business enterprise.

37.    All documents relating to any divorce proceeding(s) to which Debtors are, or have been, a party.

4818-0004-4948.3

**SENIOR'S FIRST CHOICE, INC.,**
**RICHMOND BEHAVIORAL HEALTH AUTHORITY**
**CORRECTIONAL MEDICAL CARE, INC.**

Any and all documents related to Dr. Shridhar V. Bhat, the Center for Internal Medicine, Hypertension, Kidney Disease & Critical Care, Inc., the Shridhar V. Bhat Office of Physicians or the Central Virginia Health Network, L.C., including, but not limited to, loan documents, checks, pay stubs and employment contracts

4818-0004-4948.3

## Schedule 1(A)

- Lacova-Bhat, L.C.

- Tanglewood Home for Adults, Inc.

- Alleghany Manor, LLC

- King Pin Investors, LLC

- King Pin Properties, LLC

- Shridhar V. Bhat Office of Physicians

- Central Virginia Health Network, L.C.

- Center for Internal Medicine, Hypertension, Kidney Disease & Critical Care, Inc.

- Shridhar Bhat

- Robert Lacova-Bhat

- Linda Lacova-Bhat