**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-I Acquisitions, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| SHRIDHAR V. BHAT | Case No. 19-31691-KLP |
| Debtor. | |

**AMENDED REQUEST FOR EXAMINATION AND PRODUCTION OF
DOCUMENTS PURSUANT TO RULE 2004 SOLELY AS TO ROBERT BHAT**

RREF II BB 2014-1 Acquisitions, LLC (the "Creditor"), requests the entry of an Order, substantially in the form of **Exhibit A** attached hereto, pursuant to Rule 2004 of the Federal Rules of Bankruptcy, compelling the production of certain documents in the possession of Robert Bhat ("R. Bhat" or the "Examinee"), as more specifically set forth on **Schedule 1** attached hereto and authorizing the examination of R. Bhat (the "Motion") and in support thereof, states as follows:

**BACKGROUND**

**The $2 Million Note**

1.   Lacova-Bhat, L.C. ("Lacova"), Tanglewood Home for Adults, Inc. ("Tanglewood Inc."), Tanglewood Home for Adults, L.C. ("Tanglewood L.C."), Alleghany Manor LLC a/k/a Alleghany Manor LC ("Alleghany Manor" and together with Lacova, Tanglewood Inc. and Tanglewood L.C., the "Borrowers") are indebted to the Creditor pursuant to a Promissory Note

dated August 27, 2008 in the original principal amount of $2,180,000.00 (as amended, modified and/or restated, the "$2 Million Note").

2. The $2 Million Note is subject to the terms of that certain Loan Agreement dated August 27, 2008 (the "Loan Agreement").

3. The $2 Million Note is secured by, among other things: (i) certain real property located in Alleghany County, Virginia (the "Property") pursuant to and as further described in that certain Deed of Trust dated August 27, 2008 (the "$2 Million Deed of Trust") and recorded in the Clerk's Office for Alleghany County (the "Clerk's Office") on August 28, 2008 as Instrument Number 080002186; and (ii) all leases and rents arising in connection with the Property pursuant to an Assignment of Leases and Rents dated August 27, 2008 and recorded in the Clerk's Office on August 28, 2008 as Instrument Number 080002188 (the "Assignment of Rents").

4. Shridhar Bhat (the "Debtor") personally and unconditionally guaranteed the obligations of Lacova due under the $2 Million Note pursuant to a Guaranty Agreement dated August 27, 2008 (the "Bhat Guaranty").

**5.** The Irrevocable Trust FBO Robert L. Bhat Under Trust Agreement Dated January 20, 1997 ("Robert Bhat Trust"), the Irrevocable Trust FBO Nancy Bhat Under Trust Agreement Dated October 17, 2013 ("Dated Nancy Bhat Trust"), and the Irrevocable Trust FBO Nancy Bhat ("Undated Nancy Bhat Trust" and together with the Debtor, the Robert Bhat Trust and the Dated Nancy Bhat Trust, the "Guarantors") personally and unconditionally guaranteed the obligations of Lacova and Tanglewood L.C. due under the $2 Million Note pursuant to various Guaranty Agreement(s) dated October 15, 2013 (collectively, the "Trust Guaranties" and together with the Bhat Guaranty, the "Guaranties").

2

**The $250k Note**

6. The Borrowers are also indebted to the creditor pursuant to a Promissory Note dated August 27, 2008 in the original principal amount of $250,000.00 (as amended, modified and/or restated, the "$250k Note").

7. The $250k Note is also subject to the terms of the Loan Agreement.

8. The $250k Note is secured by, among other things, the Property pursuant to and as further described in that certain Deed of Trust dated August 27, 2008 (as amended, modified and/or restated, the "$250k Deed of Trust") and recorded in the Clerk's Office on August 28, 2008 as Instrument Number 080002187.

9. The Debtor personally and unconditionally guaranteed the obligations of Lacova under the $250k Note pursuant to the Bhat Guaranty.

10. The Robert Bhat Trust, the Dated Nancy Bhat Trust and the Undated Nancy Bhat Trust personally and unconditionally guaranteed the obligations of Lacova and Tanglewood L.C. due under the $250k Note pursuant to the Trust Guaranties.

**The $50k Note**

11. The Debtor is also indebted to the Creditor pursuant to a Promissory Note dated March 22, 2010 in the original principal amount of $50,000.00 (as amended, modified and/or restated, the "$50k Note" and together with the $2 Million Note and $250k Note, the "Notes").

12. The $50k Note is subject to the terms of that certain BB&T ChoiceLine Agreement dated March 27, 2012 (as amended, modified and/or restated, the "ChoiceLine Agreement").

13. The $50k Note is secured by, among other things, the Property pursuant to and as further described in that certain Credit Line Deed of Trust (as amended, modified and/or

3

restated) and recorded in the Clerk's Office on December 10, 2012 as Instrument Number 120002379.

### **Default, Judgment and Collection**

14. Tanglewood defaulted under the terms of the Notes and on October 30, 2014, the Creditor filed a Complaint against the Borrowers and the Guarantors (collectively, the "Obligors") in the Circuit Court for the City of Richmond [Case No. CL14004783-00] seeking judgment in connection with the obligations due and owing under the Note (the "Suit"). Subsequent thereto and after the Obligors were sanctioned for failing to comply with various discovery requests, the Creditor and the Obligors executed a Settlement Agreement dated January 19, 2016 (the "Settlement Agreement").

15. Under the Settlement Agreement, the Obligors were required to make certain payments to the Creditor and the Obligors granted the Noteholder a consent order granting judgment to be submitted in the event they failed to satisfy their obligations under the Settlement Agreement. The Obligors defaulted on their obligations under the Settlement Agreement and on April 3, 2017, the Circuit Court for the City of Richmond entered the *Consent Order Granting Judgment* (the "Judgment").

16. Since obtaining Judgment, the Creditor has been working diligently to try and collect on the Judgment and to understand the Debtor's assets and liabilities, including seeking the appointment of a receiver with respect to the Property.[1] During this time, the creditor has uncovered a substantial amount of information which is highly disconcerting. Such information necessitates the need for the information sought this Motion.

---

[1] It is worth noting that since the appointment of a temporary receiver with respect to the Property, the Debtor allegedly retained a broker whom he advised to sell the Property as quickly as possible. Such instructions were given notwithstanding that any sale would be subject to approval of the Creditor absent satisfaction of the Judgment and that the Debtor's authority to sell the Property was revoked upon entry of an order appointing a receiver.

**Deposition and Production of Documents from R. Bhat**

17.   One item of interest is the Debtor's involvement with King Pin Investors, LLC ("KP Investors") and King Pin Properties, LLC ("KP Properties"). KP Investors allegedly owns and operates a bowling alley on certain real property owned by KP Properties and located at 200 N. Otterdale Road, Midlothian, VA 23113 (collectively, "King Pin").

18.   Specifically, it appears as though in the beginning of 2009, the Debtor, R. Bhat's father, drew on a home equity loan, secured by his primary residence, for an amount in excess of $1 million dollars to acquire all the King Pin assets from the former owner, including specifically, the real property and the business which operates thereon.  Somehow, the Debtors' funds went to purchase assets that all wound up being owned by R. Bhat, according to bank records obtained through discovery. Despite this fact that most if not all of the cash used to purchase King Pin came from the Debtor, the Debtor asserts he does not have, and never did have, an interest in KP Properties and that KP Properties is owned in full or in part by R. Bhat.

19.   The Debtor does allege that he was the previous owner, in full or in part, of KP Investors, the entity that operated the bowling alley and leased property from KP Properties, but that he transferred such interest to R. Bhat in the beginning of 2015 without consideration. Certain evidence, however, indicates that the Debtor continues to be substantially involved in King Pin since that date with the consent and cooperation of R. Bhat.

20.   In order to better understand the relationship between King Pin and the Debtor, the Creditor issued various subpoenas to the Debtor, R. Bhat and other entities. Counsel for the Debtor, who was also representing R. Bhat, initially opposed these efforts and filed a motion to quash ("Motion to Quash") in state court.

4852-0585-9989.3

21. The Motion to Quash revolved around whether or not certain entities were owned by the Debtor or whether he had a financial interest in such entities. Specifically, the Motion to Quash advised that the moving parties, including R. Bhat, King Pin, the Shridhar V. Bhat Office of Physicians (the "Doctor's Office") and the Central Virginia Health Network, L.C., were unrelated to the Debtor and the collection efforts being pursued by the Creditor.

22. During a follow up discussion with counsel, the Creditor was again advised that the movants, including, specifically King Pin, had no relation whatsoever to the Debtor.

23. Such statement was misleading at best. Based on prior tax returns filed by the Debtor, it was apparent that the Debtor had maintained an ownership interest in some or all of King Pin. Now, based on the Debtor's Schedules and Statement of Financial Affairs [Docket No. 13], it appears as though the Debtor acknowledges he previously had an ownership interest in KP Investors and that he transferred such ownership interest to R. Bhat shortly after the Suit was initiated against him. In addition, it appears he remains obligated on certain debt regarding King Pin and specifically KP Properties, but somehow has no ownership interest in the very enterprise he purchased in 2009.

24. In addition, the Debtor maintains that he has no interest in King Pin at this time, but R. Bhat, who resides in Florida, is alleged to be running and managing an entity which operates in Richmond. Such assertions seem improbable.

25. In addition, bank records also reflect no less than $17,500 being transferred from the Doctor's Office, owned by the Debtor, to KP Investors, allegedly owned by R. Bhat. Accordingly, the evidence seems to reflect that the Debtor is using R. Bhat and King Pin to hide assets from his creditors.

26. Upon information and belief, R. Bhat has also received personal compensation from the Doctor's Office, which is or was previously owned by the Debtor. Specifically, bank records reflect checks being issued from the Doctor's Office to R. Bhat. Additional bank records seem to reflect that R. Bhat is more than just a related party and instead, he appears to be an active participant in what the Creditor believes to be a fraudulent scheme employed by the Debtor to conceal assets beyond the reach of creditors and now the Bankruptcy Trustee.

27. It is also believed that R. Bhat is the beneficiary of the Robert Bhat Trust. Such trust may have been established in the midst of litigation with the Creditor and/or the Debtor maybe using the Robert Bhat Trust to hide assets from his creditors. At this point, the Creditor has little information regarding the Robert Bhat Trust which is clearly related directly to R. Bhat.

28. As a result of these issues, on April 19, 2019, the Creditor filed the *Request for Examination and Production of Documents Pursuant to Rule 2004* [Docket No. 14] (the "Original Motion"). Since the filing of the Original Motion, the Creditor and R. Bhat have discussed altering the scope of the Original Motion as to R. Bhat. R. Bhat, however, has refused to produce tax returns despite their clear relation to the Debtor and their necessity for determining the veracity of the Debtor's disclosures and determining his assets and liabilities. Accordingly, a revised request for documents as to R. Bhat is necessary.

29. At this point, it is clear R. Bhat is integrally involved in this case and is likely the recipient of fraudulent transfers to the detriment of the Debtor's creditors and the Bankruptcy Estate. Accordingly, substantial disclosure from R. Bhat is required.

**WHEREFORE**, the Creditor requests the Court enter an Order compelling that within 15 days of the entry of such an order: (i) the Examinee produce the documents set forth on Schedule I attached hereto; and (ii) that upon request, the R. Bhat submits to an examination by the Creditor at a time and place to be agreed upon, but which examination shall occur no later than June 19, 2019.

                                    **RREF II BB 2014-I ACQUISITIONS, LLC**

                                    By:  /s/ Jeremy S. Williams
                                                            Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, VA  23219-3500
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
  *Counsel to RREF II BB 2014-I Acquisitions, LLC*

## **CERTIFICATE OF SERVICE**

      Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that a true and correct copy of the foregoing was served to all counsel of record via the Court's ECF, certified mail and/or first-class mail, on May 1, 2019, as follows:

David K. Spiro
Spiro & Browne
6802 Paragon Place, Ste. 410
Richmond, VA 23230

John P. Fitzgerald, III
Office of the U.S. Trustee
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

Robert Lacova-Bhat
3470 E. Coast Ave., Apt. 1704
Miami, FL 33137

David R. Ruby, Esquire
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Email: druby@t-mlaw.com


                                            By: /s/  Jeremy S. Williams
                                                      Counsel

# EXHIBIT A

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-1 Acquisitions, LLC*

### IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SHRIDHAR V. BHAT | ) | Case No. 19-31691-KLP |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER GRANTING AMENDED REQUEST FOR EXAMINATION
### AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004
### SOLELY AS TO ROBERT BHAT

THIS MATTER comes before the Court upon the *Amended Request for Examination and Production of Documents Pursuant to Rule 2004 Solely as to Robert Bhat* (the "Motion") filed by RREF II BB 2014-1 Acquisitions, LLC (the "Creditor") seeking an order compelling the production of certain documents in the possession of Robert Bhat ("R. Bhat" or the "Examinee") and requesting an examination of the R. Bhat pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. It appearing that the Motion was properly served upon all entities, that no objection was timely filed to the Motion, and that good cause exists as set forth in the Motion,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**

    1.    The Motion is hereby granted.

    2.    Within 15 days of the entry of this Order, the Examinee shall produce the documents set forth on **Schedule I** attached hereto.

3. Upon request from the Creditor, R. Bhat shall submit to an examination by the Creditor at a time and place to be agreed upon, but which examination shall occur no later than June 14, 2019.

4. All documentary evidence shall be produced at Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219.

5. The Creditor, in its discretion, is authorized to issue *subpoenas duces tecum* in furtherance of the relief provided for herein.

6. The Clerk shall serve copies of this Order to those parties not receiving service via CM/ECF.

ENTERED: _____

UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:

/s/ Jeremy S. Williams
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, VA  23219-3500
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
  *Counsel to RREF II BB 2014-I Acquisitions, LLC*

4852-0585-9989.3

## **SCHEDULE I**

**ROBERT LACOVA-BHAT**

1. Documents relating to King Pin Properties, LLC ("KPP"):

    (i) Organizational, operating and ownership documents.
    (ii) Minute book and documents that typically would be included in a minute whether or not a minute book exists and whether or not actually contained in the minute book, including KPP minutes, consents and resolutions, transfer records and ownership records.
    (iii) Leases.
    (iv) Transfers, payments and other items of value transferred by KPP to Shridhar V. Bhat ("Dr. Bhat") or any entity in which Dr. Bhat holds an ownership interest or held an ownership interest (any such entity, a "Dr. Bhat Entity") from 01/01/14 to the present.
    (v) Transfers, payments and other items of value transferred to KPP by Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (vi) Transactions between KPP and Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (vii) Schedules included in Mr. Bhat's federal tax returns for the years 2014 – 2017 that relate to KPP.

2. Documents relating to King Pin Investors, LLC ("KPI"):

    (i) Organizational, operating and ownership documents.
    (ii) Minute book and documents that typically would be included in a minute whether or not a minute book exists and whether or not actually contained in the minute book, including KPI minutes, consents and resolutions, transfer records and ownership records.
    (iii) Leases.
    (iv) Transfers, payments and other items of value transferred by KPI to Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (v) Transfers, payments and other items of value transferred to KPI by Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (vi) Transactions between KPI and Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (vii) Schedules included in Mr. Bhat's federal tax returns for the years 2014 – 2017 that relate to KPI.

3. Documents relating to Irrevocable Trust FBO Robert L. Bhat Under Trust Agreement dated January 20, 1997 ("Robert Bhat Trust"):

    (i) Trust, establishment, organizational, operating and beneficiary documents.
    (ii) Transfers, payments and other items of value transferred to Robert Bhat Trust by Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.
    (iii) Transactions between Robert Bhat Trust and Dr. Bhat or a Dr. Bhat Entity from 01/01/14 to the present.

4. Your federal and state tax returns for gift and income taxes prepared for the period 2008 to present, including any amendments, schedules and/or revisions made thereto.

5. All of your financial statements you have prepared or had prepared, regardless of whether they have been presented to any person, for the period 2008 to present.

6. All documents evidencing your ownership of any interest in any corporation, partnership, limited liability company or trust for the period 2008 to present.

7. All evidence of your ownership of any stocks, shares, bonds, certificates of deposit, annuities and any other securities for the period 2008 to present.

8. All paychecks, pay stubs and other documents evidencing your current income and the sources thereof for the period 2008 to present.

9. All documents that discuss, refer or relate to the value of any of your assets within the last four (4) years.

10. All documents that contain a listing of your assets within the last four (4) years.

11. Your insurance documents showing any listing, whether itemized or not, of insured assets.

12. All documents that reference any liabilities you owe to any person.

13. All documents that contain a listing of your liabilities.

14. All documents that discuss, refer or relate to any taxes of any kind owed by you to the Internal Revenue Service, the Commonwealth of Virginia, or any other taxing authorities.

15. All documents consisting of credit card statements received by you within the last two (2) years.

16. Partnership agreements in which you are a partner.

17. Operating Agreements of limited liability companies in which you are a member.

18. Leases or assignments of leases in which you are a tenant or landlord.

19. Your general ledger, check register, bank deposit books or records, bank account statements and other related accounting information for every bank account in your name or in which you have an interest for the last four (4) years.

20. Check stubs, canceled checks, check books, and other records of withdrawals, having reference to any of your bank deposits and bank accounts for the last four (4) years.

21. Savings account books and records having reference to any of your savings accounts, savings and loan association accounts, postal savings accounts, credit unions, and other interest bearing deposits of money for the last four (4) years.

22. Deeds to real property in which you have an interest for the last four (4) years.

23. Trust indentures, trust agreements, wills and other instruments evidencing or referring to any trust in which you have an interest for the last four (4) years.

24. Notes, drafts, bills of exchange, mortgages, checks and bonds in which you have an interest for the last four (4) years.

25. Receipts and other evidences of payment of any note, mortgage, negotiable instrument, or other obligation in the amount of $250.00 or more for the last four (4) years.

26. Schedules of payments, showing payments made, on any note, mortgage, negotiable instrument, or other evidence of debt, for the last four (4) years.

27. Any documents concerning accounts receivable which are payable to you for the last four (4) years.

28. Papers, documents, and instruments evidencing your ownership, equity, or participation in any type of business enterprise for the last four (4) years.