**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-1 Acquisitions, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SHRIDHAR V. BHAT | ) | Case No. 19-31691-KLP |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).  If you do not want the Court to grant the relief sought in the motion, you must do the following:

1. You must file with the court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 9013-1 *not later than fourteen days after the date of service noted below*:

Clerk of the Court
United States Bankruptcy Court
701 E. Broad Street
Richmond, VA  23219

2. You must also mail a copy to:

Jeremy S. Williams, Esquire
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219

Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219

4852-0310-1083.1

3. **No hearing has been set with respect to the motion**. If you object to the motion, you must file the objection timely with the Court. If an objection is timely filed and a hearing is required, you must attend the hearing in addition to filing a written objection to the motion. If you fail to file timely a written response and/or to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested in the motion.

| | |
|---|---|
| Dated: July 2, 2019<br>Richmond, Virginia | /s/ Jeremy S. Williams<br>**KUTAK ROCK LLP**<br>Jeremy S. Williams (VSB No. 77469)<br>Riverfront Plaza<br>901 East Byrd Street, Suite 1000<br>Richmond, Virginia 23219-3500<br>Telephone: (804) 644-1700<br>Facsimile: (804) 783-6192<br>jeremy.williams@kutakrock.com<br>*Counsel for RREF II BB 2014-I Acquisitions, LLC* |

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
*Counsel for RREF II BB 2014-I Acquisitions, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| SHRIDHAR V. BHAT | Case No. 19-31691-KLP |
| Debtor. | |

**MOTION TO DEFER THE GRANTING OF THE DISCHARGE AND TO EXTEND TIME TO OBJECT TO DISCHARGE OR DISCHARGEABILITY OF DEBT**

RREF II BB 2014-1 Acquisitions, LLC (the "Creditor"), by counsel, moves to defer the granting of the discharge of Shridhar Bhat (the "Debtor") and to extend the time to file a complaint objecting to the discharge or to the dischargeability of certain debt to and including October 11, 2019 pursuant to Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and states:

**BACKGROUND**

**The $2 Million Note**

1.     Lacova-Bhat, L.C. ("Lacova"), Tanglewood Home for Adults, Inc. ("Tanglewood Inc."), Tanglewood Home for Adults, L.C. ("Tanglewood L.C."), Alleghany Manor LLC a/k/a Alleghany Manor LC ("Alleghany Manor" and together with Lacova, Tanglewood Inc. and Tanglewood L.C., the "Borrowers") are indebted to the Creditor pursuant to a Promissory Note

dated August 27, 2008 in the original principal amount of $2,180,000.00 (as amended, modified and/or restated, the "$2 Million Note").

2.  The $2 Million Note is subject to the terms of that certain Loan Agreement dated August 27, 2008 (the "Loan Agreement").

3.  The $2 Million Note is secured by, among other things: (i) certain real property located in Alleghany County, Virginia (the "Property") pursuant to and as further described in that certain Deed of Trust dated August 27, 2008 (the "$2 Million Deed of Trust") and recorded in the Clerk's Office for Alleghany County (the "Clerk's Office") on August 28, 2008 as Instrument Number 080002186; and (ii) all leases and rents arising in connection with the Property pursuant to an Assignment of Leases and Rents dated August 27, 2008 and recorded in the Clerk's Office on August 28, 2008 as Instrument Number 080002188 (the "Assignment of Rents").

4.  Shridhar Bhat (the "Debtor") personally and unconditionally guaranteed the obligations of Lacova due under the $2 Million Note pursuant to a Guaranty Agreement dated August 27, 2008 (the "Bhat Guaranty").

5.  The Irrevocable Trust FBO Robert L. Bhat Under Trust Agreement Dated January 20, 1997 ("Robert Bhat Trust"), the Irrevocable Trust FBO Nancy Bhat Under Trust Agreement Dated October 17, 2013 ("Dated Nancy Bhat Trust"), and the Irrevocable Trust FBO Nancy Bhat ("Undated Nancy Bhat Trust" and together with the Debtor, the Robert Bhat Trust and the Dated Nancy Bhat Trust, the "Guarantors") personally and unconditionally guaranteed the obligations of Lacova and Tanglewood L.C. due under the $2 Million Note pursuant to various Guaranty Agreement(s) dated October 15, 2013 (collectively, the "Trust Guaranties" and together with the Bhat Guaranty, the "Guaranties").

4

**The $250k Note**

6. The Borrowers are also indebted to the creditor pursuant to a Promissory Note dated August 27, 2008 in the original principal amount of $250,000.00 (as amended, modified and/or restated, the "$250k Note").

7. The $250k Note is also subject to the terms of the Loan Agreement.

8. The $250k Note is secured by, among other things, the Property pursuant to and as further described in that certain Deed of Trust dated August 27, 2008 (as amended, modified and/or restated, the "$250k Deed of Trust") and recorded in the Clerk's Office on August 28, 2008 as Instrument Number 080002187.

9. The Debtor personally and unconditionally guaranteed the obligations of Lacova under the $250k Note pursuant to the Bhat Guaranty.

10. The Robert Bhat Trust, the Dated Nancy Bhat Trust and the Undated Nancy Bhat Trust personally and unconditionally guaranteed the obligations of Lacova and Tanglewood L.C. due under the $250k Note pursuant to the Trust Guaranties.

**The $50k Note**

11. The Debtor is also indebted to the Creditor pursuant to a Promissory Note dated March 22, 2010 in the original principal amount of $50,000.00 (as amended, modified and/or restated, the "$50k Note" and together with the $2 Million Note and $250k Note, the "Notes").

12. The $50k Note is subject to the terms of that certain BB&T ChoiceLine Agreement dated March 27, 2012 (as amended, modified and/or restated, the "ChoiceLine Agreement").

13. The $50k Note is secured by, among other things, the Property pursuant to and as further described in that certain Credit Line Deed of Trust (as amended, modified and/or

5

restated) and recorded in the Clerk's Office on December 10, 2012 as Instrument Number 120002379.

### Default, Judgment and Collection

14. Tanglewood defaulted under the terms of the Notes and on October 30, 2014, the Creditor filed a Complaint against the Borrowers and the Guarantors (collectively, the "Obligors") in the Circuit Court for the City of Richmond [Case No. CL14004783-00] seeking judgment in connection with the obligations due and owing under the Note (the "Suit"). Subsequent thereto and after the Obligors were sanctioned for failing to comply with various discovery requests, the Creditor and the Obligors executed a Settlement Agreement dated January 19, 2016 (the "Settlement Agreement").

15. Under the Settlement Agreement, the Obligors were required to make certain payments to the Creditor and the Obligors granted the Noteholder a consent order granting judgment to be submitted in the event they failed to satisfy their obligations under the Settlement Agreement. The Obligors defaulted on their obligations under the Settlement Agreement and on April 3, 2017, the Circuit Court for the City of Richmond entered the *Consent Order Granting Judgment* (the "Judgment").

16. On March 29, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

### REQUEST FOR RELIEF

17. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter constitutes a core proceeding as set forth under 28 U.S.C. § 157.

18. Since obtaining Judgment and the filing of the bankruptcy, the Creditor has been working diligently to try and understand the Debtor's assets and liabilities. Such efforts have

included numerous requests pursuant to Rule 2004 and the examination of the Debtor, his wife and his son. Despite such efforts, the Creditor remains in the dark about several aspects of the Debtor's finances and the Debtor continues to disclaim knowledge about integral parts of assets and liabilities. In addition, those examinations and additional documentation produced by other examinees has left the Creditor with certain unanswered questions. Accordingly, the Creditor requested authority to seek additional documents under Rule 2004 on June 21, 2019 [Docket No. 84]. The Creditor is still waiting for the receipt of such documents and for the transcripts from the examination of the Debtor and related parties.

19. At this time, questions remain unresolved regarding the use of over a million dollars by the Debtor, the legitimacy of a transaction whereby he gifted his son a bowling alley and related property worth millions of dollars and the Debtor's general inability to account for his assets and liabilities.

20. In order to have more clarity and understand the full scope of the Debtor's misrepresentations and other actions which impact his ability to obtain a discharge or discharge of the debt owed to the Creditor, the Creditor needs to review the transcripts from the examination and compare them with the documentation it has previously received and then prepare the complaint in this matter, which the Creditor anticipates will be substantial. In addition, the Creditor needs to review the additional documents it anticipates receiving from the most recent round of requests.

21. The deadline for the parties to move to extend the deadline for objecting to the Debtor's discharge or the dischargeability of certain debt is set to expire on July 8, 2019. Given the complexity of the case, the need to review the transcript and the fact that the Creditor has not yet received, nor had an opportunity to review the additional requested documentation, an

4852-0310-1083.1

extension of the deadline for the Creditor to object to the Debtor's discharge and the dischargeability of the debt is appropriate.

22.     Pursuant to Local Bankruptcy Rule 9013-1, because there are no novel issues of law presented in this Motion and because all applicable authority is set forth in the Motion, the Creditor requests that the Court waive the requirement that this Motion be accompanied by a written memorandum.

**WHEREFORE,** the Creditor requests the Court to defer the granting of the Debtor's discharge, extend the time to file a complaint objecting to the discharge or to the dischargeability of certain debt to and including October 11, 2019, and to award any further relief the Court deems proper.

**RREF II BB 2014-I ACQUISITIONS, LLC**

By:  /s/ Jeremy S. Williams
                Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, VA  23219-3500
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
  *Counsel to RREF II BB 2014-I Acquisitions, LLC*

4852-0310-1083.1

## CERTIFICATE OF SERVICE

      Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that a true and correct copy of the foregoing was served to all counsel of record via the Court's ECF, certified mail and/or first-class mail, on July 2, 2019, as follows:

*Debtor (by First-Class Mail):*
Shridhar Bhat
6331 River Road
Henrico, VA 23229

*Counsel (by CM/ECF):*
David K. Spiro
Spiro & Browne
6802 Paragon Place, Ste. 410
Richmond, VA 23230

*U.S. Trustee (by CM/ECF):*
John P. Fitzgerald, III
Office of the U.S. Trustee
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

                                                By: /s/  Jeremy S. Williams
                                                            Counsel

4852-0310-1083.1